Lemke *v.* Hazle Brook Coal Company, Appellant.

156

Submitted March 10, 1937.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*P. B. Roads,* for appellant.

*Roger J. Dever,* for appellee.

PER CURIAM, April 15, 1937:

The claimant's left ankle was hurt, on April 17, 1934, by a fall of coal. An open compensation agreement was executed under which compensation for total disability was paid him from April 24, 1934, to July 20, 1934 (13 weeks and 3 days). On August 22, 1934 defendant filed a petition to terminate the agreement on the ground that claimant "had fully recovered and was able to resume work as of July 20, 1934." Claimant filed an answer denying that he had recovered and averring that he was still totally disabled. The referee, who heard the case, found that claimant was still totally disabled on July 20, 1934 and that such total disability continued

until December 20, 1934; that from that date he was, and continued to be, partially disabled, to the extent of 35% of his earning power, and awarded compensation in accordance with said findings. On appeal by the defendant from said findings and award, the board affirmed the first five of the referee's findings and modified the sixth by increasing the percentage of disability from 35% to 50%, and awarded compensation accordingly. There was evidence in the record to support the board's findings and award.

The defendant then appealed to the court of common pleas and on the argument there, for the first time, raised the point that claimant had forfeited his right to compensation because of his refusal to follow the instructions he had received from the physician he had consulted after he had been discharged as cured by the company's physician. It may be noted here that when discharged by the company's physician as cured claimant was compelled to use a crutch and cane to get around. The point thus raised was not embraced in the exceptions filed to the findings and award of the board and might properly have been disregarded by the court on that score. But the court considered the point and in a very clear and convincing opinion by Judge HOUCK ruled that there was no merit in the contention. It is not necessary to re-state Judge HOUCK's discussion of the matter. We are in entire accord with his conclusion. The appeal is dismissed.

The judgment entered in the court below is not in strict compliance with the provisions of the Act. Judgment should have been entered in favor of the claimant for $327.86 for total disability at $15 per week from July 20, 1934 to December 20, 1934—21 weeks and 6 days—and for $2,972.74 for partial disability for 264 weeks and 5 days, (being the remainder of 300 weeks after deducting 13 weeks, 3 days, plus 21 weeks, 6 days) at $11.23 per week, making $3,300.60 in all, in accord-

158

ance with the principles enunciated and the method of calculation directed in *Graham v. Hillman Coal & Coke Co.,* 122 Pa. Superior Ct. 579, 587, 186 A. 400, the claimant to receive, at the time of the first payment under this judgment, not only the aggregate of the installments then due but also simple interest upon each installment from the date that particular installment should have been paid, beginning August 3, 1934.

Let judgment be so entered.